Ricardo J. Prieto (to be admitted *PHV*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle, SBN 302723
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff, Shaun Minor, and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHAUN MINOR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALLS OF CA, LLC,<br><br>Defendant. | Case No:   3:21-cv-04492<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shaun Minor ("Minor" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant Marshalls of CA, LLC ("Marshalls" or "Defendant"), showing in support as follows:

### I.   INTRODUCTION

1. This is an action brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210 (the "UCL"); and the California Labor Code, Cal. Labor Code § 2802, for Defendant's failure to reimburse Plaintiff and similarly situated employees for necessary expenditures incurred in the discharge of their duties.

2. Defendant operates a chain of retail department stores. Plaintiff and similarly situated loss prevention associate employees monitor Defendant's stores for theft and apprehend

and detain individuals suspected of committing theft at Defendant's department stores. Defendant required Plaintiff and similarly situated loss prevention associates to use their personal cellular telephones ("cell phones") to call off-site supervisors when theft was occurring to determine next steps (*e.g.*, apprehend the suspect or accept the loss). However, at no time did Defendant defray the cost of use of Plaintiff and similarly situated loss prevention associate employees' cell phones.

3. Defendant did not reimburse Plaintiff and similarly situated loss prevention associate employees for the cost of the cell phones or for service charges for the cell phones. This was a violation of California Labor Code § 2802[1] and an unfair business practice under the UCL.

## II.   THE PARTIES

**A.   Plaintiff Shaun Minor**

4. Plaintiff Shaun Minor is a natural person residing in San Francisco County. He has standing to file this lawsuit.

5. Plaintiff Shaun Minor is a loss prevention associate employee of Defendant who worked at a Marshalls department store located at 760 Market Street; San Francisco, California 94102, from approximately March of 2018 through approximately November of 2019. He returned to work there in approximately July of 2020 through January 29, 2021, after which he began to work for Marshalls at a department store located at 5795 Christie Avenue; Emeryville, California 94608. Plaintiff is a current employee.

**B.   Putative Class Members**

6. Plaintiff Shaun Minor brings this action on behalf of himself and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a proposed class action defined as follows:

---

[1] *See Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1140 (Cal. Ct. App. 2014).

> All current and former loss prevention associate employees of Defendant in the state of California who incurred expenditures for use of their personal cell phones in the four years prior to the filing of this lawsuit.

7. Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

8. Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

## C. Defendant Marshalls of CA, LLC

9. Defendant Marshalls of CA, LLC ("Defendant" or "Marshalls") is a limited liability company formed under the laws of the state of Virginia that does business under the Marshalls brand in the state of California.

10. Defendant Marshalls of CA, LLC maintains its principal place of business at 770 Cochituate Road; Framingham, MA 01701.

11. Defendant may be served with process through its registered agent, C T Corporation System C0168406, located at 220 N Brand Boulevard; Glendale, CA 91203.

12. At times relevant to this lawsuit, Defendant employed Plaintiff Shaun Minor and the putative class members.

### III.   JURISDICTION AND VENUE

13. This Court properly exercises subject matter jurisdiction over this case rooted in California state law claims under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), as plaintiff is a citizen of the state of California and Defendant is a citizen of the states of Massachusetts and Virginia, the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and the putative class action involves 100 or more members.

14. This Court properly exercises personal jurisdiction over the Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in California and in this District.

15. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District and Division.

### IV.  FACTUAL BACKGROUND

16. Defendant operates a chain of retail department stores in California under the national Marshalls brand.

17. In connection with its retail operations, Defendant employs and has employed over 100 loss prevention associates. Loss prevention associates monitor Defendant's stores for theft, deal with customer issues, and apprehend and detain individuals suspected of committing theft at Defendant's department stores.

18. Defendant requires its loss prevention associates to use their personal cell phones to call off-site supervisors to report suspicious activity and obtain guidance on next steps (*e.g.*, apprehend the suspect or accept the loss), and/or after a theft has occurred or a suspect arrested by the police. Defendant also requires its loss prevention associates to use their personal cell phones to call police to collect apprehended and/or detained shoplifters.

19. Plaintiff deals with approximately 7-8 shoplifters per day, and sometimes as many as 10-12 shoplifters, which means that he used his cell phone consistently throughout his daily 8-hour long shift.

20. Defendant knew that Plaintiff and similarly situated loss prevention associates use their personal cell phones for this necessary job task. Plaintiff personally inquired whether he would be reimbursed for the use of his phone and was told that he would not because most of the company's employees were also using their personal cell phones for the job.

21. Although Defendant required loss prevention associates to use their personal cell phones for this necessary job task, it did not exercise due diligence to reimburse Plaintiff and similarly situated loss prevention associates for the cost of the cell phones or for service charges for the cell phones.

## V. CLASS ALLEGATIONS

22. Plaintiff seeks to bring his claims under California State Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class Members pursuant to the below preliminary definition:

> All current and former loss prevention associate employees of Defendant in the state of California who incurred expenditures for use of their personal cell phones in the four years prior to the filing of this lawsuit.

23. <u>Numerosity</u>. The number of members in the Class is believed to exceed one hundred. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

24. <u>Typicality</u>. Plaintiff's claims are typical of the Class because like the members of the Class, Plaintiff was subject to Defendant's uniform policies and practices and compensated in the same manner as others in the Class. Defendant failed to pay the Class Members' reimbursable expenses. Plaintiff and the Class have been under-compensated as a result of Defendant's common policies and practices which failed to comply with California law. As such, Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

25. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Class he seeks to represent.

26. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

   a. Whether Plaintiff and the Class Members incurred work related expenses; and

   b. Whether Defendant has failed to timely pay employees all sums due upon their separation from employment with Defendant.

27. The common issues of law include, but are not limited to:

   a. Whether Plaintiff and the Class Members, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all sums due upon termination of their employment;

   b. Whether Defendant's pay records comply with California law;

   c. Whether Plaintiff and the Class Members are entitled to compensatory damages; and

   d. The proper measure of damages sustained by Plaintiff and the Class Members.

28. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

29. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Class is readily identifiable from Defendant's records.

30. This type of case is well-suited for class action treatment because Defendant's practices, policies, and/or procedures were uniform. Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members per applicable California laws.

## VI.   CAUSES OF ACTION

**A.   First Claim for Relief – Violation of California Labor Code § 2802.**

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

32. At all times material to this Complaint, Defendant required Plaintiff and the Class Members to use their personal cell phones in the course and scope of their employment. Defendant did not reimburse Plaintiff and the Class Members for the cost of the cell phones or for service charges for the cell phones, and other expenses that benefited Defendant, all of which were required to perform their jobs.

33. At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

34. As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the Class Members sustained actual and pecuniary damages.

35. Plaintiff and the Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

36. Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiff and the Class Members are entitled to said interest.

**B.   Second Claim for Relief – Violations of the UCL (Cal. Bus. & Prof. Code §§ 17200-17210).**

37. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

38. The foregoing conduct, as alleged violates the California Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices.

39. Plaintiff brings this cause of action on behalf of himself and as a representative of the Class Members subject to Defendant's unlawful acts and practices.

40. During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation and each independently, failing to reimburse Plaintiff and the Class Members' necessary expenditures and failing to pay all sums due upon termination in violation of California law, as described throughout this complaint.

41. As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class Members. Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the Class Members all wrongfully withheld wages, including, but not limited to minimum wages, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

42. Plaintiff, on behalf of himself and on behalf of the members of the Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief, pursuant to the four-year statute of limitations contained in the UCL.

**C. Third Claim for Relief - Violations of California Wage Payment Provisions (Cal Labor Code §§ 201-203)**

43. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

44. California Labor Code §§ 201 and 202 require employers to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced up to a maximum of thirty days of wages.

45. Plaintiff and the California Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation. During all times relevant, Defendant knowingly and willfully failed to pay Plaintiff and the California Class Members all wages owed as alleged herein. Defendant is therefore liable to Plaintiff and the Class Members who are no longer employed by Defendant for waiting time penalties as required by California Labor Code § 203.

46. Plaintiff on behalf of himself and on behalf of the members of the Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**D.   Reserved Claim for Relief – California Private Attorneys General Act (Cal. Labor Code §§ 2698-2699.5).**

47. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

48. On June 10, 2021, Plaintiff provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. Plaintiff awaits a response from the LWDA with regard to whether it will investigate the actions in the aforementioned written notice. Accordingly, Plaintiff has taken necessary steps to exhaust his administrative remedies, and will amend his pleadings as follows in connection with such exhaustion:

49. [Reserved] Under the California Private Attorneys General Act ("PAGA") of 2004, California Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a

representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. *See* Cal. Labor Code § 2699.

50. [Reserved] Pursuant to California Labor Code § 1198, Defendant's failure to pay proper compensation to Plaintiff and the aggrieved employees in California, and failure to pay them all SUMS due immediately upon discharge and within the time required by law after their employment ended are unlawful and constitute violations of the California Labor Code, each actionable under PAGA.

51. [Reserved] Plaintiff alleges, on behalf of himself and aggrieved employees as well as the general public, that Defendant has violated the following provisions of the California Labor Code that are actionable under PAGA, as previously alleged herein: Cal. Labor Code §§ 201-203 and 2802. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

52. [Reserved] Plaintiff is entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to California Labor Code § 2699(a), for Defendant's violations of the California Labor Code for which violations a civil penalty is already specifically provided by law. Further, California Plaintiffs are entitled to civil penalties to be paid by Defendant and allocated as PAGA requires pursuant to § 2699(f) for Defendant's violations of the California Labor Code for which violations a civil penalty is not already specifically provided.

53. [Reserved] Under PAGA, California Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code that are alleged in this Complaint.

## VII.   JURY DEMAND

54.     Plaintiff hereby demands a jury trial on all causes of action and claims for relief to which he and the putative Class Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

55.     Plaintiff, on behalf of himself and all others similarly situated, asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a. An order certifying that the California state law claims may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. An order designating Shaun Minor as the class representative of any certified class;

c. An order designating attorneys Melinda Arbuckle and Ricardo J. Prieto of Shellist Lazarz Slobin, LLP as class counsel of any certified class;

d. An award of damages including all unpaid expenses incurred by Plaintiff and the class and statutory penalties for Defendant's violations of California law;

e. Costs of action incurred herein, including expert fees;

f. Attorneys' fees;

g. Pre- and post-judgment interest, as provided by law; and

h. Such other and further relief as the Court may deem just and proper.

Dated: June 10, 2021

Respectfully submitted,

By:      s/Melinda Arbuckle
       Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*